UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

GILBERTO MICHAEL MARRERO HENRIQUEZ (A# 208-540-977),

Petitioner,

v.

WARDEN, CALIFORNIA CITY DETENTION CENTER,

Respondent.

No. 1:26-cv-07006 DC SCR

FINDINGS & RECOMMENDATIONS

Petitioner was, at the time this case was filed, a federal immigration detainee proceeding pro se with a habeas corpus action pursuant to 28 U.S.C. § 2241. The petition challenged, *inter alia*, Petitioner's indefinite post-removal detention under the Due Process Clause of the Fifth Amendment and Zadvydas v. Davis, 533 U.S. 678 (2001) (Count Three). ECF No. 1 at 7. This matter was referred to the undersigned by operation of Local Rule 302 and 28 U.S.C. § 636(b)(1).

**I. Factual and Procedural History**

On September 11, 2026, the assigned District Judge ordered, by way of a temporary restraining order, Petitioner's release and that Petitioner not be re-detained by immigration officials absent certain constitutional protections, including, "at a minimum, strict compliance with the requirements of 8 C.F.R. § 241.13(i)." ECF No. 8. Judge Coggins specifically rejected Respondent's argument that Petitioner's refusal to acquiesce to removal to a third country where

an Immigration Judge has not ordered him removed constitutes a failure to cooperate with his removal such that his continued detention is permitted under § 1231(a)(1)(C). Id. (citing Suarez v. Chestnut, No. 1:26-cv-05147-EJD, 2026 WL 2547116, at *2 (E.D. Cal. Aug. 28, 2026), and Garcia v. Warden, Central Valley Annex, No. 1:26-cv-04659-DJC-JDP, 2026 WL 2254380, at *2 (E.D. Cal. Aug. 4, 2026)).

On September 17, 2026, the undersigned directed the parties to "submit any additional briefs on the merits, or any stipulation as to how this petition should be resolved, within 14 days from the date of this order." ECF No. 9. Respondent filed a response requesting that the petition be denied as moot in light of Petitioner's release from detention. ECF No. 11. Petitioner did not file a response.

## II. Analysis

To the extent that Respondents move to dismiss the § 2241 petition as moot based on Petitioner's release, the undersigned rejects that argument. "This Court granted Petitioner temporary relief pending final resolution on the merits of his habeas petition. Unless the Respondents mean to concede that Petitioner's re-detention was unlawful, the petition remains unresolved." Sorto G.J., v. Warden of the Golden State Annex, et al., No. 1:26-CV-01131-TLN-CKD, 2026 WL 2409993, at *1 (E.D. Cal. Aug. 18, 2026); see also L.S. v. Santacruz, No. 5:25-cv-02927-CV-MBK, 2026 WL 734586 (C.D. Cal. Feb. 5, 2026) ("Respondents have ceased their allegedly unlawful conduct and released Petitioner—not of their own volition—but because the District Court ordered it. But the District Court's TRO and preliminary injunction, by definition, afford no permanent relief. If this case is dismissed as moot without further relief, Respondents will no longer be prohibited from re-detaining Petitioner without pre-deprivation process."). Therefore, the pending § 2241 petition is not moot, and the undersigned declines Respondents' request in their response to dismiss the petition.

For the reasons indicated in the Court's minute granting a temporary restraining order, which the undersigned adopts and incorporates as if separately set forth herein, it is recommended that Petitioner's § 2241 application be granted based on the violation of Petitioner's Fifth Amendment right to due process. See Zadvydas, 533 U.S. 678.

## CONCLUSION

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Petitioner's application for a writ of habeas corpus (ECF No. 1) be granted on the Fifth Amendment due process claim (Count Three) only.

2. The Court deny the remaining claims in the § 2241 petition in the interests of judicial economy since the requested relief has been granted.

3. The temporary restraining order relief previously granted be made permanent.

4. Petitioner's motion to appoint counsel (ECF No. 4) be DENIED as moot.

5. The Clerk of Court close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **seven days** after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. The undersigned finds that a shortened objection period is warranted in this case given the nature of the relief at issue as well as the fact that the parties have had sufficient time to submit all of their arguments in written briefs. See United States v. Barney, 568 F.2d 134, 136 (9th Cir. 1978) (per curiam) (stating that 28 U.S.C. § 636(b)(1) sets the maximum objection period and not the minimum); see also Local Rule 304(b). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: October 14, 2026

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE